Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| OHMAR F. AYALA RIVERA<br><br>Peticionario<br><br>v.<br><br>JORGE L. RIVERA BÁEZ; Y OTROS<br><br>Recurrido | TA2026CE00670 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso Núm.: SA2025CV00060<br><br>Sobre: Daños y otros |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de junio de 2026.

Comparece Ohmar Ayala Rivera (señor Ayala Rivera o peticionario) y nos solicita la revocación de una *Resolución* emitida el 20 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI o foro primario). En esta, dejó sin efecto una *Sentencia* emitida el 24 de marzo de 2026 y ordenó la continuación de un juicio en su fondo.[1]

Por los fundamentos que expresamos a continuación, se expide el auto de *certiorari* y se revoca el dictamen recurrido.

**I.**

El peticionario incoó una demanda contra el señor Jorge L. Rivera Báez (señor Rivera Báez o recurrido) por incumplimiento de un contrato de opción de compra, suscrito entre ellos el 18 de enero de 2025. En el acuerdo contractual convinieron para la venta de la propiedad sita en el Barrio Playita del Municipio de Salinas por el precio de $75,000.00. Al inicio, el recurrido acreditó $5,000.00 y acordó pagar el balance, en un término de dos meses, en aras de

---

[1] Sistema Unificado de Administración y Manejo de Casos, SUMAC-TPI, Entrada núm. 85. La fecha fue pospuesta del 11 de mayo de 2026 al 3 de agosto de 2026.

culminar la compraventa mediante escritura. No obstante, según las alegaciones, el recurrido se negó a culminar la transacción, toda vez que, recibió una mejor oferta cursada por un tercero.

En reacción, el señor Rivera Báez acreditó su alegación responsiva junto a una reconvención. Como parte de sus alegaciones expuso que la reclamación del señor Ayala Rivera está plagado de falsedades y no contempla las conversaciones entre las partes sobre los acuerdos logrados. Por ello, suplicó resarcimiento por los daños y perjuicios sufridos. Oportunamente, el señor Ayala Rivera presentó su réplica a la reconvención y a su vez solicitó la desestimación de esta, al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Más adelante en el curso ordinario del litigio, el foro primario evaluó el referido petitorio dispositivo y mediante *Sentencia Parcial* desestimó la *Reconvención* promovida por el recurrido.[2]

Coetáneo a lo antes, el TPI autorizó y entretuvo asuntos pertinentes al descubrimiento de prueba. Conforme surge del expediente, se desarrollaron múltiples instancias de presuntos incumplimientos con órdenes interlocutorias emitidas, en atención a las solicitudes promovidas por el señor Ayala Rivera. Entre las órdenes emitidas cabe resaltar que, mediante *Resolución Interlocutoria,* el foro primario dio por admitido el requerimiento de admisiones cursado por el peticionario.[3] Además, en atención a las múltiples solicitudes del señor Ayala Rivera fundamentadas al amparo de la Regla 34 (a) de las Reglas de Procedimiento Civil, *supra,* el TPI ordenó la eliminación de las alegaciones del señor Rivera Báez, le anotó la rebeldía y señaló una vista en rebeldía a celebrarse el 19 de diciembre de 2025.[4]

---

[2] Entrada Núm. 33.
[3] Entrada Núm. 31.
[4] La Minuta que refleja las órdenes del TPI corresponde a la vista celebrada el 12 de noviembre de 2025, la cual fue notificada mediante *Orden* emitida el 24 de noviembre de 2025.  Cabe señalar que, el TPI también le concedió tres días

Llegado el día del referido señalamiento, compareció el peticionario junto a su representante legal. Sin embargo, el señor Rivera Báez no compareció al señalamiento, pero su abogado estuvo presente y participó durante la audiencia judicial. Según consta en la minuta, se inició el desfile de la prueba con el testimonio del demandante y así se marcó la prueba documental ofrecida con las objeciones consignadas para récord por parte del representante legal del recurrido. De la minuta se desprende que, tras marcar la identificación dos del demandante, se realizó una reunión en el estrado, se dio por concluida la vista y el foro primario ordenó la continuación del juicio para el 25 de marzo de 2026.

Así las cosas y pendiente la continuación de la vista en rebeldía, el señor Ayala Rivera instó una *Solicitud de Sentencia Sumaria*. El TPI ordenó a la otra parte exponer posición y en cumplimiento con lo anterior, el recurrido se opuso al referido petitorio sumario. Evaluado lo antes, el TPI procedió a dictar una *Sentencia* el 24 de marzo de 2026, en la que declaró ha lugar la demanda instada, por la vía sumaria y canceló el señalamiento de la continuación del juicio en su fondo.

Insatisfecho, el recurrido oportunamente solicitó reconsideración. En particular arguyó que, la moción de sentencia sumaria atendida por el TPI fue presentada con posterioridad a los 30 días de la culminación del descubrimiento de prueba, por lo que resulta tardía e improcedente. Por ello, imploró que continuara la celebración de la vista en rebeldía señalada. A lo antes se opuso el señor Ayala Rivera. En esencia reclamó que, la postura del recurrido era a destiempo y solo permitiría un abuso a los procesos. Sostuvo que, revertir el dictamen permitiría la reapertura de controversias y dilaciones innecesarias.

---

adicionales al señor Rivera Báez para exponer posición, pero mantiene el señalamiento de la vista en rebeldía. Entrada Núm. 61.

Evaluado lo antes, el TPI emitió la *Resolución* recurrida en la que dejó sin efecto el dictamen sumario previamente notificado. En su consecuencia, ordenó la continuación del juicio en su fondo. Insatisfecho, el demandante procuró que el TPI reconsiderara su dictamen post sentencia, lo cual fue denegado mediante *Resolución* notificada el 23 de abril de 2026.

Inconforme aun, acude el señor Ayala Rivera ante esta Curia y señala la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia y abusó de su discreción en no emitir Sentencia Sumaria cuando no existe controversia de hechos ni la parte demandada se opuso a los hechos alegados y está en rebeldía.

> Erró el Tribunal de Primera Instancia y abusó de su discreción al no emitir Sentencia Sumaria y no realizar determinaciones de hecho que estén en controversia.

Mediante *Resolución* emitida el 1 de junio de 2026 ordenamos a la parte recurrida a exponer su postura. Ha transcurrido mayor término a lo indicado sin que haya acreditado cumplimiento, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

En su recurso, el peticionario nos suplica que se expida el auto de *certiorari* en aras de reinstalar la sentencia dictada por la vía sumaria y así hacer innecesaria la continuación de la vista en su fondo. En esencia sostiene que, el foro primario incidió al ejercer su facultad discrecional al dejar sin efecto el referido pronunciamiento judicial, en el cual, adjudicó los méritos de la causa instada por la vía sumaria, reinstalando de forma errónea la orden para continuar el juicio que inició el 19 de diciembre de 2025. A lo antes añadió que, el TPI debió hacer determinaciones de hechos para sustentar su pronunciamiento en reconsideración.

Bajo el crisol doctrinario antes enunciado, nos corresponde determinar si se reúnen los criterios que informan y permiten nuestra intervención en el dictamen recurrido. Lo antes, obliga evaluar los estándares de revisión como marco definitorio que permite a los foros apelativos revisar decisiones interlocutorias del tribunal de primera instancia.

De nuestro escrutinio de lo planteado colegimos que, el pronunciamiento judicial recurrido, en esencia, envuelve varias determinaciones del foro primario que, reflejan ciertas características que conforman el manejo del caso que, a pesar de resultar altamente discrecionales, inciden en los procedimientos requeridos y establecidos en nuestro ordenamiento civil. En primer lugar, el TPI atendió un petitorio del peticionario y adjudicó los méritos de la causa por la vía sumaria cuando ya se había iniciado el juicio en su fondo estando la parte recurrida en rebeldía. En atención a la oportuna solicitud de reconsideración, el TPI dejó sin efecto el referido dictamen sumario y sin adjudicar de forma fehaciente conforme exige la Regla 36 de la Reglas de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa, ordenó la continuación de la vista en su fondo.

Como se sabe, la discreción no significa poder para actuar en una forma u otra, sin menosprecio del derecho aplicable, sino la obligación de aplicar las reglas correctas que dirigen procesos en atención a ciertos hechos jurídicos con el objeto de mitigar los efectos adversos. Lo antes, en miras de garantizar la claridad y certeza del procedimiento civil dentro de un debido proceso de ley. Cuando existen guías para el ejercicio discrecional, la revisión de la decisión se centra en justipreciar si el tribunal revisado rebasó los parámetros legales o no tomó en cuenta adecuadamente los factores o criterios establecidos por los tribunales de mayor jerarquía para guiar la determinación de su discreción.

Tratándose de una decisión discrecional, el foro primario podía, a la luz de las guías señaladas por la casuística, evaluar su procedencia y conceder o denegar la petición ante su consideración, y sopesar si procedía reconsiderar su dictamen sumario. Sin embargo, una vez reconsideró su postura dejó pendiente la moción de sentencia sumaria y la correspondiente oposición, sin resolver. La resolución recurrida adolece de los defectos identificados y ante ello, amerita la intervención de esta Curia en esta etapa de los procesos. Estamos convencidos de que, antes de continuar la celebración del juicio en su fondo, o en la alternativa, ejercer sus facultades de discernimiento jurídico discrecional ante la totalidad de las circunstancias de la causa ante su consideración, el Tribunal *a quo* deberá adjudicar en los méritos la moción de sentencia sumaria, así como los fundamentos expuestos en la oposición radicada por el recurrido, conforme lo requiere la Regla 36 de Procedimiento Civil, *supra*. Al no hacerlo, no solo dejó desprovisto a este Tribunal de Apelaciones de revisar la corrección en que tomó su determinación, sino que dejó de informar de forma fehaciente los fundamentos por su curso decisorio.

Aunque nos veamos tentados en atender la controversia desde este estrado apelativo y decidir la procedencia o improcedencia de la reconsideración y, así, los méritos del dictamen emitido el 24 de marzo de 2026, en correcta técnica adjudicativa, le corresponde al Tribunal de Primera Instancia en esta etapa procesal. Recordemos que, nuestra función y autoridad se circunscribe a revisar las determinaciones de los foros de instancia. Es norma vigente que en apelación nos abstenemos de adjudicar cuestiones que no han sido atendidos en primera instancia, ante el foro judicial o el foro administrativo. *Trabal Morales v. Ruiz Rodríguez,* 125 D.P.R. 340, 351 (1990).

**IV.**

Por los fundamentos antes expuestos, *expedimos* el auto de *Certiorari* solicitado y *revocamos* la *Resolución* recurrida, todo a tenor con la autoridad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Devolvemos el caso al foro de origen para que proceda a atender y adjudicar el petitorio sumario, así como los asuntos que dentro de su sana discreción se conformen para la solución del caso y controversia ante su consideración. Lo antes, sin prejuzgar cualquier asunto ulterior o pendiente ante la atención del foro primario.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones